FILED
2017 MAR 17 AM 10: 40
U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Erica Witten<br>2031 Sagamore Drive<br>Euclid, Ohio 44117<br>　　　　　Plaintiff<br><br>vs.<br><br>Allstate Insurance Company d.b.a.<br>Allstate Insurance<br>Corporate Headquarters<br>2775 Sanders Road<br>Northbrook, Illinois 60062<br>　　　　　Defendant<br>Regina L. Kavaras<br>29418 Woodway Drive<br>Wickliffe, Ohio 44092<br>　　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.　　**JUDGE GWIN**<br><br>JUDGE **1:17 CV 555**<br><br>**COMPLAINT WITH JURY DEMAND**<br><br>**MAG. JUDGE GREENBERG** |

*NOW COMES* the Plaintiff, ERICA WITTEN (hereinafter "Plaintiff"), *pro se*, and complaining of the Defendants REGINA L. KAVARAS (hereinafter "Defendant Driver") and ALLSTATE INSURANCE COMPANY d.b.a. ALLSTATE INSURANCE (hereinafter "Defendant Allstate Insurance"), respectfully states as follows:

## JURISDICTION AND VENUE

1. Plaintiff hereby incorporates by reference all proceeding paragraphs as if fully rewritten herein.

2. The Plaintiff is a resident of Cuyahoga County, Ohio.

3. The Defendant Driver currently resides in Lake County, Ohio.

4. That Defendant Allstate Insurance d.b.a. Allstate Insurance Company, currently conducts business in the state of Ohio.

5. The issuing of Plaintiff's insurance policy occurred in Cuyahoga County, Ohio.

6. The motor vehicle accident took place in Cuyahoga County, Ohio.

1

5. The issuing of Plaintiff's insurance policy occurred in Cuyahoga County, Ohio.

6. The motor vehicle accident took place in Cuyahoga County, Ohio.

7. This Court is conferred jurisdiction over this matter pursuant 28 U.S. Code §1332 (a)(1) and (c)(1)(B). This Court is conferred venue over this matter pursuant 28 U.S. Code § 1391 (b).

## STATEMENT OF FACTS

8. That on and prior to March 17, 2015, Euclid Avenue and Babbitt Road were public roadways in the City of EUCLID, County of CUYAHOGA, State of OHIO.

9. That on or about March 17, 2015, at approximately 9:20 p.m., Plaintiff was operating a 2005 Honda Accord, with OHIO license plate number DZM 8879, with reasonable control and regard for the safety of persons and property. Plaintiff was driving northwest on Euclid Avenue at or near its intersection with Babbitt Road, in the City of EUCLID, County of CUYAHOGA, State of OHIO.

10. That on or about March 17, 2015, at approximately 9:20 p.m., Plaintiff stopped at the traffic light at the intersection of Euclid Avenue and Babbitt Road, in the City of EUCLID, County of CUYAHOGA, State of OHIO.

11. That at the aforesaid time and place, Defendant Driver was operating a Dodge Caravan, with OHIO license plate number FWZ 2585 (i.e., year of make and model unknown).

12. That at the aforesaid time and place, the Defendant Driver was approaching the intersection of Euclid Avenue and Babbitt Road from behind Plaintiff's motor vehicle.

13. That Defendant Driver failed to obey traffic laws, failed to operate her motor vehicle with reasonable control, failed to slow or stop her motor vehicle and drove her motor vehicle into, and collided with the rear of the motor vehicle being operated by the Plaintiff. Plaintiff did not see Defendant Driver approaching and therefore was not able to make any evasive maneuvers to avoid the collision.

14. That the Plaintiff exited her motor vehicle to inspect the damage caused by the Defendant Driver.

15. That the Defendant Driver exited her motor vehicle to inspect the damage she caused to the Plaintiff's motor vehicle.

16. That both Plaintiff and Defendant Driver engaged in conversation regarding the facts and circumstances surrounding the motor vehicle collision.

17. That during the conversation both Plaintiff and Defendant Driver discussed whether each party currently held proof of financial responsibility (i.e., automobile insurance).

18. That during the conversation between the two parties, the Defendant Driver admitted to the Plaintiff, of not currently holding proof of financial responsibility (i.e., automobile insurance), for the motor vehicle she was operating.

19. That during the conversation between the two parties, the Plaintiff detected a strong alcohol smell on Defendant Driver's breath.

20. That at the aforesaid time there was in full force and effect the following City of EUCLID ordinances:

### TITLE FIVE Chapter 333.02 RECKLESS OPERATION ON STREETS, PUBLIC OR PRIVATE PROPERTY.

*(a) No person shall operate a vehicle on any street or highway in willful or wanton disregard of the safety of persons or property. (ORC 4511.20)*
*(b) No person shall operate a vehicle on any public or private property other than streets or highways in willful or wanton disregard of the safety of persons or property....*
*(c) Whoever violates any provision of this section is guilty of reckless operation of a motor vehicle, a misdemeanor of the first degree, and shall be subject to the penalty provided in Section 307.01. (Ord. 111-1992. Passed 4-20-92.)*

### TITLE FIVE Chapter 333.025 REASONABLE CONTROL.

*(a) No person shall operate a motor vehicle on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle. (ORC 4511.202; Adopting Ordinance)*

*(b) Whoever violates this section is guilty of operating a motor vehicle without being in control of it, a minor misdemeanor, and shall be subject to the penalty provided in Section 307.01. (Ord. 111-1992. Passed 4-20-92.)*

21. That at the aforesaid time there was also in full force and effect the following Ohio Revised Code, 4509.101 (A)(1) and (2):

### 4509.101 Operating of motor vehicle without proof of financial responsibility.

*(A)*

*(1) No person shall operate, or permit the operation of, a motor vehicle in this state, unless proof of financial responsibility is maintained continuously throughout the registration period with respect to that vehicle, or, in the case of a driver who is not the owner, with respect to that driver's operation of that vehicle.*

*(2) Whoever violates division (A)(1) of this section shall be subject to the following civil penalties:*

3

*(a) Subject to divisions (A)(2)(b) and (c) of this section, a class (F) suspension of the person's driver's license, commercial driver's license, temporary instruction permit, probationary license, or nonresident operating privilege for the period of time specified in division (B)(6) of section 4510.02 of the Revised Code and impoundment of the person's license.....*

### COUNT I. WANTON NEGLIGENCE
### RECKLESS OPERATION ON STREETS, PUBLIC OR PRIVATE PROPERTY

22. Plaintiff hereby incorporates by reference all proceeding paragraphs as if fully rewritten herein.

22. That at the aforesaid time and place, the Defendant Driver breached that duty of care by

    a. Operating a motor vehicle with willful and wanton disregard for the safety of persons or property.

    b. Failing to obey traffic laws.

    c. Failing to pay attention to the traffic laws.

    d. Failing to slow or stop at the red light and colliding into Plaintiff's motor vehicle.

    e. Driving while impaired.

    f. Was otherwise reckless and negligent.

### COUNT II. NEGLIGENCE; FAILURE TO EXHIBIT REASONABLE CONTROL.

23. Plaintiff hereby incorporates by reference all proceeding paragraphs as if fully rewritten herein.

24. That at the aforesaid time and place, the Defendant Driver breached that duty of care by

    a. Operating a motor vehicle without being in reasonable control of the vehicle.

    b. Failing to obey the traffic laws.

    c. Failing to pay attention the traffic laws.

    d. Failing to slow or stop at the red light and colliding into Plaintiff's motor vehicle.

4

    e. Was otherwise careless and negligent.

### COUNT III. NEGLIGENCE;
### OPERATING OF MOTOR VEHICLE WITHOUT PROOF OF FINANCIAL RESPONSIBILITY

25. Plaintiff hereby incorporates by reference all proceeding paragraphs as if fully rewritten herein.

26. That at the aforesaid time and place, the Defendant Driver breached that duty of care by

    a. Failing to continuously maintain proof of financial responsibility, while operating a motor vehicle in the state of Ohio.

    b. Admitting to Plaintiff that she did not have proof of financial responsibility at the time of the collision.

    c. Failing to provide and/or exchange with Plaintiff any proof of financial responsibility information for the motor vehicle Defendant Driver was operating at the time of the collision.

    d. Was otherwise reckless, negligent and irresponsible for failing to maintain continuous proof of financial responsibility for the motor vehicle Defendant Driver was operating at the time of the motor vehicle collision.

27. As a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendant Driver, the Plaintiff sustained serious and permanent injuries, among but not limited to, her head, neck, spine, pelvis and arm; was required to seek extensive medical consultation and treatment; has expended, and will in the future expend, great sums of money for medical consultation and treatment in order to be healed and cured for her maladies; suffered, and will in the future continue to suffer, great pain, anguish and physical and mental suffering; and was deprived of earnings to which she might otherwise been entitled.

WHEREFORE, the Plaintiff demands judgment against Defendant Driver for compensatory damages in the amount of TWO HUNDRED THOUSAND DOLLARS ($200,000), plus costs, pre-judgment interest and post-judgment interest as this honorable Court may deem appropriate.

## COUNT IV. BREACH OF CONTRACT
## UNDERINSURED MOTORIST-DEFENDANT ALLSTATE INSURANCE

28. The Plaintiff incorporates by reference all proceeding paragraphs as if fully rewritten herein.

29. At the time of the accident, the motor vehicle operated by the Defendant Driver was uninsured. After discovering this, Plaintiff timely notified Defendant Allstate Insurance of the motor vehicle collision and the fact that Defendant Driver did not have proof of financial liability. Plaintiff complied to the letter of all of the terms, and obligations of her policy.

30. At the time of the accident, Plaintiff had in full force a policy of automobile insurance issued by Defendant Allstate Insurance. Plaintiff has been an Allstate Insurance customer since May 2010. The insurance policy contained a provision for uninsured/underinsured motorist coverage which provided, among other things, insurance coverage for losses and damages sustained by the Plaintiff in accidents which were caused by the negligent operation of a motor vehicle by third persons, when that vehicle was uninsured or underinsured at the time of the accident.

31. Plaintiff has made a demand for payment under the insurance policy with Defendant Allstate Insurance and Defendant Allstate Insurance has breached its contract with Plaintiff by failing to make payment to Plaintiff under the uninsured/underinsured motorist provision of the applicable insurance policy. Plaintiff is entitled to be paid by Defendant Allstate Insurance for any and all damages sustained by Plaintiff resulting from the negligence of the Defendant Driver.

WHEREFORE, Plaintiff demands judgment against Defendant Allstate Insurance for compensatory damages in the amount of TWO HUNDRED THOUSAND DOLLARS ($200,000), plus costs, pre-judgment interest and post-judgment interest as this honorable Court may deem appropriate.

Respectfully submitted,

Erica Witten *pro se*
2031 Sagamore Drive
Euclid, Ohio 44117
witten_e@yahoo.com
(216) 408-6488

6